IN THE UNITED STATES DISTRICT COURT
WESTRN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ANTHONY ATKINSON**                                                                                    **PLAINTIFF**

vs.                                                  No. 5:20-cv-378

**METCON GROUP, LLC, CATHY CRIADO**                                          **DEFENDANT**
**and JEFFREY SCHAEFFER**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Anthony Atkinson ("Plaintiff"), by and through his attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Metcon Group, LLC, Cathy Criado and Jeffrey Schaeffer (collectively "Defendant" or "Defendants"), he does state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff minimum wage and lawful overtime compensation for hours worked in excess of forty (40) per week.

2.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

5. Plaintiff was employed by Defendant at Defendant's business located in Bexar County. Therefore, the acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6. Plaintiff is an individual and a citizen and resident of Bexar County.

7. Separate Defendant Metcon Group, LLC ("Metcon Group") is a domestic limited liability company.

8. Metcon Group's registered agent for service is Cathy Criado, at 5225 McCollough Avenue, Suite 7, San Antonio, Texas 78212.

9. Separate Defendant Cathy Criado ("Criado") is an individual and resident of Texas.

10. Separate Defendant Jeffrey Schaeffer ("Schaeffer") is an individual and resident of Texas.

11. Defendants maintain a website at https://www.metconspaces.com/.

## IV.  FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Criado is an owner, principal, officer and/or director of Metcon Group.

14. Criado manages and controls the day-to-day operations of Metcon Group, including but not limited to the decision to not pay Plaintiff minimum wage or a lawful premium for hours worked in excess of forty (40) per week.

15. Schaeffer is an owner, principal, officer and/or director of Metcon Group.

16. Schaeffer manages and controls the day-to-day operations of Metcon Group, including but not limited to the decision to not pay Plaintiff minimum wage or a lawful premium for hours worked in excess of forty (40) per week.

17. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as shipping containers and tools.

18. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

19. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), at all times relevant to this lawsuit.

20. Defendant's primary business is building homes from reclaimed shipping containers.

21. Plaintiff was employed by Defendant within the three years preceding the filing of this lawsuit.

22. Plaintiff was employed by Defendant as a welder from approximately September of 2019 to March of 2020.

23. Defendant paid Plaintiff a salary.

24. Defendant did not pay Plaintiff for the first two months of work.

25. From November of 2019 until January of 2020, Defendant paid Plaintiff $800.00 per week.

26. From January of 2020 onward, Defendant paid Plaintiff $500.00 per week, except for the final month of Plaintiff's employment, during which Defendant paid Plaintiff only $500.00.

27. Plaintiff did not have the authority to hire or fire any other employee.

28. Defendant did not consult Plaintiff about which employees to hire or fire.

29. Plaintiff did not manage a customarily recognized department or subdivision of Defendant's enterprise.

30. Plaintiff did not exercise judgment as to matters of significance in the course of his duties for Defendant.

31. Plaintiff was a classic "blue collar worker" under the FLSA.

32. Defendant misclassified Plaintiff as an independent contractor and as exempt from FLSA requirements.

33. Defendant supplied Plaintiff with many of the tools necessary to perform his assigned duties.

34. Defendant assigned various tasks to Plaintiff, which he was required to

perform.

35. Defendant required Plaintiff to be available at certain, pre-arranged times each day.

36. Plaintiff had no opportunity to share in Defendants' profits.

37. Plaintiff did not share in Defendants' losses.

38. Plaintiff did not have the opportunity to negotiate his pay rate with Defendants.

39. Defendants paid Plaintiff a set rate which was determined by Defendants without input from Plaintiff.

40. Defendants set prices to its customers without input or negotiation from Plaintiff.

41. Plaintiff did not negotiate contracts or prices with Defendants' customers.

42. Defendants made decisions regarding advertising Defendants' business without Plaintiff's input.

43. Defendants made decisions regarding what new business to pursue or accept without Plaintiff's input.

44. Defendants' managers or other individuals under authority of Defendants directed Plaintiff.

45. Plaintiff frequently worked more than forty (40) hours in a workweek.

46. During the weeks in which Defendants did not pay Plaintiff for his work, Defendants paid Plaintiff less than minimum wage.

47. Defendant failed to pay Plaintiff an overtime premium of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) per week.

48. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA.

### VII.   CLAIM FOR RELIEF—Violation of the FLSA

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

50. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

51. At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

52. At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

54. Defendant misclassified Plaintiff as an independent contractor.

55. Defendant willfully failed and refused to pay Plaintiff a lawful minimum wage for all hours worked.

56. Defendant willfully failed and refused to pay Plaintiff an overtime premium for all hours worked over forty (40) per week.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Anthony Atkinson respectfully requests this Court to grant the following relief:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid compensation under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D. An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PLAINTIFF ANTHONY ATIKINSON**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com